### HUNT v CITY OF ANN ARBOR

1. Municipal Corporations—Statutes—City Ordinances—Enabling Statutes—Creation of Compensation Commission—Salaries of Officials.

   A local officers' compensation commission created pursuant to statute has authority to raise the salary of a city mayor and to institute annual salaries for city council members under the statute which authorizes a city to pass an ordinance providing for the creation of a compensation commission, "which shall determine the salaries of all local elected officials" (MCLA 117.5c; MSA 5.2084[3]).

2. Statutes—Construction—Legislative Intent—Subject Matter —Scope and Purpose—Related Statutes.

   A court has the duty to determine legislative intent by looking to the language used in a statute, its subject matter, scope and purpose and any prior or related statutes; a statute should be so construed as to render it internally consistent.

Appeal from Washtenaw, Patrick J. Conlin, J. Submitted March 1, 1977, at Lansing. (Docket No. 28969.) Decided August 9, 1977. Leave to appeal denied, 402 Mich —.

Complaint by Jimmie L. Hunt against the City of Ann Arbor and others seeking a judgment declaring a city ordinance illegal, invalid and void and to enjoin payments approved by a compensation commission under the ordinance. Summary judgment upholding certain payments and declaring other payments invalid. Defendants to whom payments have been declared invalid appeal.

REFERENCES FOR POINTS IN HEADNOTES
[1] 56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 262.
[2] 73 Am Jur 2d, Statutes § 142 et seq.

Cross-appeal by plaintiff. Affirmed in part and reversed in part.

*Laird & Grace,* for plaintiff.

*Harris, Lax, Goldman & Gregg,* for defendant.

*R. Bruce Laidlaw,* for City of Ann Arbor.

Before: DANHOF, C. J., and T. M. BURNS and J. E. MCDONALD,* JJ.

J. E. MCDONALD, J. A taxpayer challenges action taken by the City of Ann Arbor (hereinafter "City") under a section of the home rule act added by the state Legislature in 1972, which provides for the establishment by ordinance of a local officers' compensation commission (hereinafter "LOCC") as an alternative to existing salary and salary determination procedures applicable to the elected officials, the new section added being MCLA 117.5c; MSA 5.2084(3):

"In lieu of a charter provision existing on the effective date of this act establishing the salaries or the procedure for determining salaries of elected officials, the governing body by ordinance may establish the procedure described in this section, in which case the restriction contained in a charter provision with respect to changing salaries during term shall be inapplicable. The ordinance shall provide: (a) A local officers compensation commission is created which shall determine the salaries of all local elected officials."

On December 8, 1975, the Ann Arbor City Council passed ordinance No. 54-75, adding chapter 22 to the Ann Arbor City Code. This ordinance established an LOCC to determine the salary of the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

mayor and members of the city council. The LOCC met on December 22, 1975, on January 14, 1976, and on January 20, 1976. At its third meeting a public hearing was held, after which the LOCC made a final adoption of its determination that the mayor should receive an annual salary of $10,000 and each council member should receive an annual salary of $5,000, all of these salaries to take effect on April 12, 1976.

This proposal was filed with the city clerk pursuant to the statute and ordinance. Although a resolution to reject the proposal was introduced before the city council, as permitted by ordinance and statute, the resolution failed to command the requisite two-thirds majority for passage.

The ordinance and enabling statute are so worded that, on the failure of the city council to reject the recommendation of the LOCC, its determination concerning the salaries become the salaries.

The instant suit was commenced immediately upon the failure of the city council to reject the recommendation of the LOCC commission.

Subsequent to the filing of the complaint and answer, plaintiff and defendant each moved for summary judgment.

The Circuit Court of Washtenaw County determined that the decision of the LOCC was valid in providing for an increase in the salary for the mayor, but that the decision of the LOCC was invalid insofar as it provided salaries for city council members other than the mayor.

A timely appeal was taken therefrom by four of the original defendants who are members of the city council and timely cross-appeal was taken by the plaintiff-taxpayer.

In its opinion, the Circuit Court for Washtenaw

County, after quoting MCLA 117.5c; MSA 5.2084(3), says:

"The statute does not appear to have as its purpose the granting of power to a city council to establish the new procedure when no existing charter provision establishes salaries or sets procedure for determining salaries. The use of the words 'in lieu of' is a clear indication of the legislative intent to allow an alternative to already existing procedures. The charter in question establishes salary and procedures only for compensation for the Mayor and expressly prohibits salary for other council members."

Section 3 of the home rule act provides for certain mandatory charter provisions as follows:

"Section 3. Each city charter shall provide: (a) For the election of a mayor who shall be the chief executive officer of the city, and of a body vested with legislative power, and for the election or appointment of a clerk, a treasurer, an assessor or board of assessors, a board of review and such other officers as may be deemed necessary * * * (d) For the qualifications, duties and compensation of its officers."

The statute [MCLA 117.5c; MSA 5.2084(3)] contains this language:

"The ordinance shall provide: (a) A local officers' compensation commission is created which shall determine the salaries of all local elected officials."

Therefore, it would appear to us that the city charter in carrying out its mandatory obligation to "provide compensation for its officers" has established the compensation of the council just as surely and definitely as it has established the compensation of the mayor.

Since the new section speaks of being "in lieu

of" an existing provision, it is our opinion that the setting of the salary of the members of the council, in addition to that of the mayor, was clearly within the authority of the LOCC established by the Ann Arbor city government; as a matter of fact, the statute setting up the ordinance indicates that it shall provide a commission which shall "determine the salaries of *all* local elected officials".

In view of the language in the statute, we are unable to affirm the circuit court decision that action of the LOCC regarding the salary of elected officials other than the mayor is invalid.

We realize there are no cases interpreting this 1972 addition to the home rule act, but it would appear to have as its purpose an attempt to obviate the need for a charter amendment to change salaries of elected officials. It also has the advantage of providing for uniform and periodic reassessment of the compensation of all elected officials. Section 5c is a remedial statute and should be liberally construed to achieve its purpose.

"The provisions of this constitution and law concerning counties, townships, cities and villages shall be liberally construed in their favor. Powers granted to counties and townships by this constitution and by law shall include those fairly implied and not prohibited by this constitution." Const 1963, art 7, § 34.

It is the court's duty to determine legislative intent, looking to the language used in the statute, its subject matter, scope and purpose and any prior or related statutes. The act should be so construed as to render it internally consistent. *Stutelberg v Practical Management Co,* 70 Mich App 325; 245 NW2d 737 (1976).

In his brief in this Court, the plaintiff-taxpayer

raises other issues, claiming that the action of the LOCC violated the procedural requirements of the enabling statute and ordinance adopted pursuant thereto, and asserts that the determination reached by the LOCC in establishing a new salary for the mayor was therefore null and void.

A review of the record in the lower court indicates that these claims were contained in the complaint filed by the taxpayer and answered by the members of the city council.

The opinion of the Circuit Court of Washtenaw County in granting the summary judgment to plaintiff makes no mention of these procedural issues, other than this sentence:

"As a procedure and salary already exists under the charter for the Mayor, the LOCC's report and resulting change in salary is valid to the extent it changes the existing salary of the Mayor."

By inference, since the circuit court found that the action of the LOCC in establishing an increase for the mayor was valid, it must be assumed that since the circuit court was presented with these procedural challenges, it decided these issues in favor of the LOCC and against the taxpayer.

The action of the LOCC having been decided by the circuit court to have been valid concerning the increase in the salary of the mayor of Ann Arbor, with which decision we concur, and with our decision that the determination of the LOCC regarding the salaries of the members of the council is also valid, it is the judgment of this Court that the members of the council as well as the mayor shall receive the salaries determined by the LOCC, effective the date of April 12, 1976.

Affirmed in part, reversed in part.